

# U.S. Department of Justice

United States Attorney
Eastern District of Missouri

*Criminal Division*
*Violent Crime Unit*

| | | |
|---|---|---|
| *Jason S. Dunkel* | *Thomas Eagleton U.S. Courthouse* | OFFICE: 314-539-2200 |
| *Assistant United States Attorney* | *111 S. 10th Street, Rm. 20.333* | FAX: 314-539-3887 |
| | *St. Louis, MO  63102* | Jason.Dunkel@usdoj.gov |

April 26, 2019

William T. Marsh
Federal Public Defenders Office
1010 Market St., Second Floor
St. Louis, MO 63101

Re:  U.S. v. Garnell Carter, 4:19-CR-00301-JAR-DDN

Dear   Mr. Marsh:

As you are aware, your client has been indicted by the federal grand jury. In order to assist you in the determination of any relevant pretrial motions to be filed in this case, please be aware of the following information:

1. DISCOVERY - The United States agrees to provide you with all relevant material within the purview of Federal Rule of Criminal Procedure 16.

2. ELECTRONIC SURVEILLANCE - The United States did not utilize electronic surveillance in the investigation underlying the charges set forth in the indictment.

3. CONFIDENTIAL INFORMANTS - The United States did not utilize a confidential informant in the course of the investigation of this matter.

4. JENCKS MATERIAL - The United States agrees to make all Jencks material available no later than the Friday preceding trial, conditioned upon the defendant's agreement to produce simultaneously statements of the defendant's witnesses.

5. GRAND JURY TRANSCRIPTS - The United States agrees to produce, and make available for inspection, all Grand Jury transcripts to the extent they constitute Jencks material.

6. OTHER CRIMES EVIDENCE - The United States agrees to advise the defendant of its intention to use evidence of other crimes during its case-in-

chief. The United States agrees to make this disclosure prior to the trial of this cause.

7. <u>STATEMENTS OF DEFENDANT</u> - The United States is aware of post-arrest statements made by the defendant. Documents disclosing the substance of those statements are included within the United States' production.

8. <u>IDENTIFICATION OF DEFENDANT</u> - The United States is not aware of any post-arrest identification of the defendant.

9. <u>PHYSICAL EVIDENCE</u> - The United States possesses items of physical evidence seized from the defendant. These items are available for inspection upon request.

10. <u>FAVORABLE EVIDENCE</u> - The United States agrees to furnish any and all favorable evidence to the defendant if and when its existence becomes known to the United States. At the present time, the United States does not have any favorable evidence.

11. <u>EXPERT WITNESSES</u> - Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States intends to introduce expert testimony of the following witnesses: firearms examiner. A summary of expert testimony will be provided before trial.

For your convenience, the discovery materials have been produced to your office through the USAfx File Exchange system.

**Note on Confidential Documents:** As we've discussed by phone, there is a protective order in this case regarding some of the discovery in this case. I have marked certain pages confidential with a "Confidential – Protective Order" watermark. If you believe any of these declarations of confidentiality are overbroad, please let me know and we can discuss your concerns and see if we can reach a joint resolution. The discovery index also notes which pages are confidential. I believe I've marked as few pages confidential as possible, totaling just 41 of the 254 pages being produced today.

If you need any further specific information regarding the above matters, or any other matters which will prevent the filing and litigation of any unnecessary pretrial motions, please do not hesitate to contact me.

In order to avoid the need of filing motions pursuant to Rules 12.1(a), 16 and 26, of Federal Rules of Criminal Procedure, the United States makes the following requests:

    A. The defendant provide a written notice of the defendant's intention to offer a defense of alibi, stating the specific place or places at which the defendant

claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi;

      B. The defendant provide the United States, or permit the United States to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at trial;

      C. The defendant provide the United States, or permit the United States to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

      D. The defendant provide the United States a written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the opinions of the witnesses, the bases and reasons therefor and the witnesses' qualifications.

      E. The defendant provide to the United States all statements of any defense witness that is in their possession and that relates to the subject matter to which the witness will testify.

The United States requests that we receive the information regarding alibi requested in Section A no later than the date of the suppression hearing. The United States would also request that you provide all information regarding Section E no later than noon on the Friday preceding trial to eliminate any delay in the trial of this cause.

I would appreciate a written response prior to any pretrial motion hearing to determine whether I will have to file formal requests for a court order to enforce discovery compliance.

Thank you in advance for your anticipated cooperation.

Very truly yours,

JEFFREY B. JENSEN
United States Attorney

/s/ Jason Dunkel

JASON S. DUNKEL
Assistant United States Attorney

cc: Clerk, United States District Court